UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **EDGAR SEARCY** <br>     **FED. REG. #04726-031** <br><br> **VERSUS** <br><br> **JOSEPH P. YOUNG, ET AL** | **CIVIL ACTION NO. 2:11-CV-217** <br><br> **SECTION P** <br><br> **JUDGE MINALDI** <br><br> **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on February 8, 2011, by petitioner Edgar Searcy. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). Petitioner names FCIO Warden J.P. Young as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

Pursuant to a plea agreement entered on September 25, 2003, petitioner pled guilty to charges involving the use of the internet in an attempt to induce a minor to engage in sexual activity. Based on two prior convictions, Mr. Searcy qualified as a career offender, and on December 4, 2003, the United States District Court for the Southern District of Florida upwardly departed from the sentencing guidelines and sentenced him to a statutory maximum of 180 months imprisonment, supervised release for a period of 3 years, plus a fine and assessment. See *US v Searcy*, No. 03-14028 (U.S. Dist., S.D. Fla.)

Petitioner directly appealed. On July 28, 2005, the Eleventh Circuit Court of Appeals affirmed the judgment. *U.S. v Searcy,* 418 F.3d 1192 (11th Cir.2005). Certiorari was denied by the United States Supreme Court on January 9, 2006. *Searcy v. U.S.,* 546 U.S. 1125 (2006).

During the pendency of the appeal and at times thereafter, petitioner has filed a multitude of motions in the district courts for the areas in which he was incarcerated. Mr. Searcy has filed at least five other motions attacking his conviction and sentence in the underlying criminal case.[1] Regardless of the titles given to the motions previously filed by petitioner, the courts have construed the five pleadings as 28 U.S.C. §2255 motions, the majority of which were denied as second and successive.

Through this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 plaintiff again attacks his conviction and sentence. Doc. 1. Specifically he argues that the court lacked personal jurisdiction and that the imposition of a three year supervised release term in addition to his sentence of 180 months imprisonment caused his sentence to exceed the statutory maximum. Doc.1, pp. 4-5. He states that his case comes within the gambit of the savings clause because in July 2006, he filed a 28 U.S.C. §2255 without being aware of the fact that his theory of relief was applicable under other rules of law. (Doc.1, p.2). As relief, petitioner asks this court to grant his petition and order his immediate release. (Doc.1, p.6).

***Law and Analysis***

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 challenging the sentence imposed by the United States District Court for the Southern District of Florida. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles,* 230 F.3d 688, 694

---

[1] See *U.S. v Searcy*, No. 05-cv-14334 (U.S. Dist., S. D. Fla.); *U.S. v Searcy*, No. 07-cv-21523 (U.S. Dist., S. D. Fla.); *U.S. v Searcy*, No. 08-cv-14266 (U.S. Dist., S. D. Fla.); *U.S. v Searcy*, No. 09-cv-14066 (U.S. Dist., S. D. Fla.); *U.S. v Searcy*, No. 10-cv-14222 (U.S. Dist., S. D. Fla.).

(5th Cir.2000). On the other hand, a motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a motion to vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner argues that use of §2241 is proper here because a former §2255 motion was filed without him being aware that his suggested theory of recovery was applicable. (Doc.1, p. 2-3). That allegation is insufficient to invoke the savings clause. Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a

nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir.2003).

### *Conclusion and Recommendation*

Considering the forgoing, **IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

**IT IS FURTHER RECOMMENDED** that petitioner's Amended Motion for Summary Judgment (Doc. 30) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See* ***Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE